UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DONALD CHADWICK COKELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-1193-AMM-GMB |
| | ) |
| LUCRETIA BATTLES SMITH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The Magistrate Judge entered a report on January 24, 2024, recommending that the court treat the defendants' special reports as motions for summary judgment and grant the motions. Doc. 48. Specifically, the Magistrate Judge recommended that the defendants' motions for summary judgement be granted on Mr. Cokely's claims against them in their official capacities for monetary relief. *Id.* at 13–14. The Magistrate Judge further recommended that (1) defendant Lucretia Smith's motion for summary judgment be granted on Mr. Cokely's claims for false arrest, false imprisonment, and malicious prosecution against her in her individual capacity, *id.* at 14; (2) defendant Drake Thornton's motion for summary judgment be granted on Mr. Cokely's claims of an illegal search, false arrest, false imprisonment, and malicious prosecution against him in his individual capacity, *id.* at 15–17; and (3) defendant Stedman Scott's motion for summary judgment be granted on Mr.

Cokely's claims of illegal sentencing, illegal drug testing, and illegal detention against him in his individual capacity. *Id.* at 17–19. Mr. Cokely filed objections to the report and recommendation on February 7, 2024. Doc. 49.

Mr. Cokely objects to the Magistrate Judge's report on the following grounds pertaining to Officer Smith: (1) Officer Smith never closed Mr. Cokely's probation in case CC-2015-179 on April 11, 2018, and he kept reporting to her until March 12, 2019; (2) Mr. Cokely was never removed from Officer Smith's caseload by Officer Regular; (3) Officer Smith filed her incident report against Mr. Cokely on March 22, 2019 and illegally sent Officer Thornton to his home to conduct an illegal search after case CC-2015-179 was closed on December 12, 2018. *Id.* at 2–3. The St. Clair County Circuit Court entered an order in CC-2015-179 on December 12, 2018, stating that the case was "paid in full and disposed," but this order has no bearing on Officer Smith's closing of her probationary file in this case. *Id.* at 8. Officer Smith and Officer Regular both testified that Officer Smith closed Mr. Cokely's probationary file in CC-2015-179 on April 11, 2018, and Officer Regular removed Mr. Cokely from Officer Smith's caseload on December 27, 2018. Doc. 25-1 at 4; Doc. 25-2 at 3–4. Mr. Cokely did not file a response to Officer Smith's motion for summary judgment,[1] and the Magistrate Judge correctly found that Mr. Cokely did

---

[1] On May 8, 2023, the court informed the plaintiff that if he did not respond to the special reports and comply with Federal Rule of Civil Procedure 56 (a notice and explanation of which was attached to the court's order), the court may accept as true the facts in the defendants' affidavits

not dispute Officer Smith and Officer Regular's testimony and nothing in the record contradicted their statements. Doc. 48 at 14. Additionally, Officer Smith's filing of her incident report against Mr. Cokely on March 22, 2019 as a victim of Mr. Cokely's harassing communications bears no relationship to case CC-2015-179. *Id.* at 15. Accordingly, Mr. Cokely's objections to the Magistrate Judge's recommendations as to claims against Officer Smith are **OVERRULED**.

Mr. Cokely makes the following objections as to the Magistrate Judge's report pertaining to Officer Thornton: (1) Officer Thornton entered Mr. Cokely's home without a search warrant, which was witnessed by John Baker; (2) Officer Thornton handcuffed Mr. Cokely in his living room and began searching his home; and (3) Officer Thornton illegally searched his house and arrested him on cases 2015-179 and 2013-166 as result of Officer Smith's March 22, 2019 incident report, even though his probation ended on December 12, 2018. Doc. 49 at 4–5. As to these objections, even if John Baker (identified in Mr. Cokely's complaint as his stepfather) witnessed Officer Thornton entering Mr. Cokely's home, this does not

---

and other supporting evidence, find that there are no genuine disputes of material fact, and enter summary judgment for the defendants. Doc. 41 at 2. Mr. Cokely filed a motion for an extension of time to respond to the special reports, which the court granted to June 6, 2023. Docs. 42 & 43. Despite the extension, Mr. Cokely did not respond to any of the special reports. In November 2023, in response to the court's order to supply the court with his current mailing address, Mr. Cokely informed the court that he was in the St. Clair County Jail, "so I have not been able to complete my special report due to not reaching my legal documents." Doc. 47. In his objections to the report and recommendation, Mr. Cokely claims, for the first time, that he was "unable to file special reports due to losing home in fire." Doc. 49 at 1.

3

change the Magistrate Judge's conclusion that Officer Smith's incident report provided Officer Thornton probable cause. Doc. 48 at 15. The court reiterates that the filing of Officer Smith's incident report on March 22, 2019, due to Mr. Cokely's harassing communications towards her, has nothing to do with the state circuit court's order disposing of case CC-2015-179 on December 12, 2018. Therefore, Mr. Cokely's objections to the Magistrate Judge's recommendations regarding claims against Officer Thornton are **OVERRULED**,

    Finally, Mr. Cokely objects to the report on the grounds that (1) Officer Scott acted outside of the scope of the court's order; (2) Officer Scott did not apply for quasi-judicial immunity, so the court should not grant him immunity, and (3) Officer Scott knew case CC-2015-179 should have been closed. Doc. 49 at 6–7. Mr. Cokely's statement that Officer Scott "acted outside the scope of the circuit court's order" is a legal conclusion, *id.* at 6, and conclusory and general assertions are not sufficient to state a claim for relief. *See Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). Furthermore, Officer Scott is not required to "apply" for quasi-judicial immunity; the Magistrate Judge granted Officer Scott immunity because his actions as a Community Corrections Program case manager were closely related to the judicial process. Doc. 48 at 18–19. The court agrees. Finally, there is no evidence in the record that Officer Scott knew case CC-2015-179 had been closed; in fact, Officer Scott testified that he had no knowledge of Mr. Cokely's improper

sentencing. Doc. 21-1 at 5. Thus, Mr. Cokely's objections to the Magistrate Judge's recommendations concerning claims against Officer Scott are **OVERRULED**.

Mr. Cokely's other objections to the report and recommendation restate undisputed facts and require no further discussion or analysis. Accordingly, these objections are **OVERRULED**.

After careful consideration of the record in this case and the Magistrate Judge's report and objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the defendants' motions for summary judgment are due to be **GRANTED**. A final judgment will be entered.

**DONE** and **ORDERED** this 27th day of February, 2024.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE